IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Kathryn Gibson,<br><br>Plaintiff,<br><br>v.<br><br>Congress Collection, LLC,<br><br>Defendant. | Case No. 1:20-cv-559<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

### NATURE OF ACTION

1.     Plaintiff Kathryn Gibson ("Plaintiff") brings this action against Defendant Congress Collection, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection Practices Act ("MCPA"), MCL § 445.251 *et seq.*

### JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and

1

thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language

would deceive or mislead a reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225 (9th Cir. 1988)).

7. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

8. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

9. Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Ingham, and City of Okemos.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Plaintiff is a "debtor" as defined by M.C.L. § 445.251(1)(d).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as defined by M.C.L. § 445.251(1)(a).

15. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person allegedly obligated to pay a debt.

17. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

18. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. On or around November 7, 2019, in connection with the collection of the Debt, Defendant telephoned Plaintiff and left the following message:

> This is an important message from (inaudible) with Congress Collection. Congress Collection is a debt collector. Please call us back at 800-395-2989. Again, that number is 800-395-2989.

21. The November 7, 2019 voicemail message was Defendant's initial communication with Plaintiff with respect to the Debt.

22. Defendant's November 7, 2019 voicemail failed to disclose that it was attempting to collect a debt and that any information obtained would be used for that purpose.

23. Defendant failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a) in its initial communication or in writing within five days thereafter.

24. Upon receiving Defendant's November 7, 2019 voicemail, Plaintiff was confused as to why Defendant was calling her.

25. Plaintiff has not paid the Debt.

26. Plaintiff does not owe the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)

27. Plaintiff repeats and re-alleges each factual allegation contained above.

28. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

29. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

5

30. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

31. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

32. Plaintiff repeats and re-alleges each factual allegation contained above.

33. The FDCPA "provides a non-exhaustive list of conduct that is a violation of § 1692e, including: 'The failure to disclose in the initial . . . communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.'" *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1106 (W.D. Wash. 2012) (citing 15 U.S.C. § 1692e(11)).

34. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)

35. Plaintiff repeats and re-alleges each factual allegation contained above.

36. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

37. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

38. Defendant violated 15 U.S.C. § 1692e(2)(A) by communicating with Plaintiff to collect a debt that Plaintiff does not owe, including by leaving Plaintiff a voicemail message falsely representing that Plaintiff owes the alleged Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF MCL § 445.252(e)

39. Plaintiff repeats and re-alleges each factual allegation above.

40. Defendant violated MCL § 445.258(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt, including by leaving Plaintiff a voicemail message falsely representing that Plaintiff owes the alleged Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated MCL § 445.252(e);

b) Enjoining Defendant from further violations of the MCPA, pursuant to MCL § 445.257(1);

c) Awarding Plaintiff actual damages or $50.00, whichever is greater, pursuant to MCL § 445.257(2);

d) Adjudging Defendant's conduct to be a willful violation, and awarding not less than three times the amount of actual damages or $150.00, whichever is greater, pursuant to MCL § 445.257(2);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to MCL § 445.257(2);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    g) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 18, 2020

                        Respectfully submitted,

                        s/Russell S. Thompson, IV
                        Russell S. Thompson, IV
                        Thompson Consumer Law Group, PC
                        5235 E. Southern Ave. D106-618
                        Mesa, AZ 85206
                        Telephone: (602) 388-8898
                        Facsimile: (866) 317-2674
                        rthompson@ThompsonConsumerLaw.com
                        Attorney for Plaintiff